UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:17-CV-00058-TBR

C.G. (a minor)                                                            PLAINTIFF

v.

LYNN ROGERS, *et al.*                                         DEFENDANTS

**Memorandum Opinion and Order**

Plaintiff C.G., a minor, alleges that Lynn Rogers, a teacher at the Paducah Area Technology Center (PATC), sexually harassed her at school. *See* [DN 8.] In her first amended complaint, C.G. names four defendants: Rogers; the Paducah Board of Education; Arthur Davis, Principal of Paducah Tilghman High School; and the unnamed principal of the PATC. [*Id.* at 1.] Rogers and the PATC principal answered C.G.'s amended complaint. *See* [DN 14.]

The Board of Education and Davis, however, now move to dismiss C.G.'s original and amended complaints. [DN 15.] They correctly state that as a minor, C.G. may not bring this action on her own behalf. Rule 17(b) provides that "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located." Fed. R. Civ. P. 17(b)-(b)(3). In turn, under Kentucky law, "[a]ctions involving unmarried infants . . . shall be brought by the party's guardian." Ky. R. Civ. P. 17.03. In response to Defendants' motion, C.G. requests leave to file a second amended complaint. [DN 16.] She seeks to add Casey Glunt, her father and legal guardian, as a plaintiff in this action. [*Id.* at 2.]

Pursuant to Rule 17(a)(3), "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). Further, courts should "freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). Defendants have not shown they will be unfairly prejudiced in any way if the Court allows C.G. to add Casey Glunt to bring this suit on her behalf. This matter is in its infancy, and allowing Glunt into the case "is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants.'" *Zurich Ins. Co. v. Logitrans, Inc.,* 297 F.3d 528, 534 (6th Cir. 2002) (Gilman, J., concurring) (citation omitted).

One final point bears mention. As Defendants point out and C.G. admits, the proposed second amended complaint C.G. tendered with her motion contains an incorrect case caption. The Court will allow Glunt to file a corrected version.

Accordingly, and for the foregoing reasons, IT IS HEREBY ORDERED:

Defendants' motion to dismiss [DN 15] is DENIED. Plaintiff's motion for leave to file a second amended complaint [DN 16] is GRANTED. Plaintiff's motion for extension of time [DN 17] is DENIED AS MOOT. Within twenty-one days of the entry of this Order, Plaintiff shall file and serve an amended complaint that complies with Federal Rule of Civil Procedure 17.

CC: Counsel of Record